UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA KAMRADT,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ESURANCE INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cv-01445-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION CLARIFYING ORDER ON DISCOVERY MOTIONS |

　　　　This case arises from a dispute regarding Defendant Esurance Insurance Company's handling of a claim under Plaintiff Rebecca Kamradt's auto insurance policy. The matter is before the Court on Defendant's Motion for Reconsideration (Dkt. No. 33) seeking clarification of the Court's prior Order on the Parties' discovery motions (Dkt. No. 32). There appears to be some confusion as to the scope of the protective order granted to Plaintiff and the limitations placed on Defendant when noting Plaintiff's deposition in light of a development that occurred since the issuance of the prior Order.

The Court assumes familiarity with the facts of the case. Relevant to this motion, on December 1, 2023, the Court entered an Order finding "that Plaintiff has established good cause to relieve her of the undue burden of having to attend an in-person deposition in Seattle . . . . [and granting] Plaintiff's motion for a protective order." Dkt. No. 32 at 8. The Court further required Defendant to note Plaintiff's deposition "*either* remotely via videoconference or in person at Plaintiff counsel's offices in Everett, Washington." *Id.* at 9 (emphasis in original). Defendant then attempted to note an in-person deposition in compliance with the Court's order (Dkt. No. 33 at 2–3), but Plaintiff demanded that Defendant note a remote deposition because her counsel no longer maintains an office in Everett (Dkt. No. 36 at 2–3).

Motions for reconsideration are granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Such motions require a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Defendant argues that unusual circumstances warrant reconsideration because the Court's specific requirement—that Plaintiff's in-person deposition must occur at her counsel's office— was premised on an incomplete set of facts and a key point of which neither the Court nor Defendant was aware: "Plaintiff's counsel 'no longer ha[s] an office in Everett nor an office that will accommodate' an in person deposition of Plaintiff." Dkt. No. 33 at 3 (quoting Dkt. No. 34-1 at 3) (revisions in original). Plaintiff argues that Defendant fails to identify a manifest error in the Court's prior order and does not raise any new facts or authority. Dkt. No. 36 at 7–8. The Parties

dispute whether Defendant was aware that Plaintiff's counsel no longer maintains an office in Everett and its significance on reconsideration. *Compare* Dkt. No. 33 at 3 (noting that Defendant was unaware until Plaintiff refused the re-noted in-person deposition), *with* Dkt. No. 36 at 9 (noting that Defendant was aware of "Plaintiff's firm change, and change of address").

The Court FINDS that it based the specific wording of its order on a misapprehension of relevant facts, and in its discretion FINDS that reconsideration and clarification of its prior order is appropriate. The Court's order was based on information in the Parties' discovery motion briefing. Neither Party specifically sought an in-person deposition at Plaintiff's counsel's office, but Plaintiff's apparent consent to such a compromise was extensively briefed without contradiction and *neither* Party indicated it was no longer possible. *See* Dkt. Nos. 19–20, 22–27, 32. Thus, the Court's expectation that Plaintiff would assent to her own previously proposed compromise was therefore based on an erroneous understanding of the underlying facts.

Defendant's knowledge of Plaintiff counsel's firm and address changes is not sufficient to deny reconsideration. The important factor is what the Court knew. Additionally, there is no indication that Plaintiff ever rescinded the offer to appear in-person in Everett after her counsel informed Defendant of the relevant change in circumstances. Thus, it was reasonable for Defendant to believe that it was still a potentially viable compromise position should the Court rule against it in the dueling discovery motions.

More importantly, the specific scope of the Court's protective order was "to relieve [Plaintiff] of the undue burden of having to attend an in-person deposition *in Seattle*." Dkt. No. 32 at 8 (emphasis added). This was due in large part to Plaintiff's "good-faith effort to avoid this dispute by proffering two reasonable alternatives that would reduce her burden while addressing Defendant's stated concerns." *Id.* Now, Plaintiff seems to be the one failing to make an effort to resolve this dispute without Court involvement. *See* Judge Tana Lin, Standing Order

for All Civil Cases, Section IV.B (last updated Jun. 16, 2023) ("The Court strongly encourages Parties to make every effort to resolve discovery disputes without the Court's intervention.").

Nothing in the Court's prior Order could reasonably lead Plaintiff to believe that the Court granted her a unilateral right to demand that Defendant note a remote deposition. The Court expressly recognized "the generalized prejudice associated with all remote depositions" (Dkt. No. 32 at 6) and intentionally refused to grant Plaintiff her specifically requested relief of requiring Defendant to take her deposition remotely. Dkt. No. 32 at 9 ("Defendant has failed to demonstrate a particularized prejudice to overcome Plaintiff's good cause justifications for seeking a remote deposition. *Nonetheless*, the Court recognizes the general benefits that an in-person deposition offers a deposing party." (emphasis added)). This should have put Plaintiff on notice that she may be required to attend an in-person deposition per her previously offered compromise position, regardless of her counsel's change of circumstances.

The Court therefore GRANTS Defendant's Motion for Reconsideration (Dkt. No. 33) and MODIFIES its prior order granting Plaintiff's Motion for Protective Order as follows:

The Court ORDERS that Plaintiff's deposition shall be taken *either* remotely via videoconference or in person at an appropriate location in Everett, Washington, at a mutually agreeable time. If an in-person deposition is noted pursuant to this Order, the Parties must ensure that sufficient precautions are taken to minimize Plaintiff's COVID exposure risk, including (but not limited to) those measures discussed in the Parties' briefing. *See* Dkt. No. 23 at 7; Dkt. No. 27 at 4.

Dated this 19th day of December 2023.

Tana Lin
United States District Judge