1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA KAMRADT,

                Plaintiff,

   v.

ESURANCE INSURANCE COMPANY,

                Defendant.

CASE NO. 2:22-cv-01445-TL

ORDER ON MOTION FOR
RECONSIDERATION

      This case arises from a dispute regarding Defendant Esurance Insurance Company's handling of a claim under Plaintiff Rebecca Kamradt's auto insurance policy. This matter is before the Court on Defendant's Motion for Reconsideration Re: Order on Cross-Motions for Summary Judgment (Dkt 81). Dkt. No. 23. Defendant seeks reconsideration of the portion of the Court's Order regarding the viability of Plaintiff's Washington Insurance Fair Conduct Act ("IFCA") claim as to Haury's storage fees. Dkt. No. 83 at 1.

1    The Court assumes familiarity with the facts of the case. Relevant to this motion, on

2    August 30, 2024, the Court entered an Order finding in part that genuine issues of material fact

3    existed regarding whether Defendant unreasonably delayed payment of benefits, including the

4    third and final installment of Plaintiff's "total loss payment" and vehicle storage fees at Haury's

5    Lake City Collision ("Haury's"), which precluded a finding of summary judgment on Plaintiff's

6    IFCA claim. Dkt. No. 81 at 14–18.

7        Motions for reconsideration are granted only in "highly unusual circumstances." *Marlyn*

8    *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting

9    *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Such motions require a

10   showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not

11   have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

12   "Whether or not to grant reconsideration is committed to the sound discretion of the court."

13   *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041,

14   1046 (9th Cir. 2003).

15       Defendant argues that reconsideration is warranted because "Plaintiff bears the burden to

16   establish injury or damage under IFCA for the alleged delayed payment of storage fees to

17   Haury's, and Plaintiff cannot meet this burden since Haury's storage fees were paid, in full, and

18   Plaintiff admitted that she had no out of pocket expenses, nor paid any money to Haury's." Dkt.

19   No. 83 at 2. Because Defendant's allegedly delayed payment to Haury's was made *directly* to

20   Haury's, Defendant argues that this allegedly delayed payment cannot support an IFCA cause of

21   action. *Id.* at 2–3.

22       The Court FINDS that it based one of the conclusions in its prior order on a mistake

23   regarding a relevant fact that results in a manifest error in the prior ruling. Therefore, in its

24   discretion, the Court FINDS that reconsideration and clarification of its prior order is appropriate.

1    Plaintiff did not brief her IFCA claim in her Motion for Summary Judgment. Dkt. No. 73. While

2    her Opposition Brief indicated that her IFCA claim was premised on alleged damages from

3    delayed payment of the total loss final payment (Dkt. No. 74 at 32), at oral argument Plaintiff

4    clarified that her IFCA claim was based on allegedly unreasonable delays in payment of *both* the

5    third and final installment of Plaintiff's total loss payment *and* payment of vehicle storage fees at

6    Haury's (Dkt. No. 81 at 15).

7        The Court indicated in its prior Order that "there is mixed evidence about whether

8    Defendant reasonabl[y] attempted to resolve Plaintiff's claims in a timely fashion," and that the

9    genuine issues of material fact regarding whether Defendant unreasonably delayed payments of

10   benefits precluded summary judgment on Plaintiff's IFCA claim. Dkt. No. 81 at 17–18.

11   However, as Defendant correctly notes, "Plaintiff must show that **she** incurred actual damage

12   proximately caused by some IFCA violation," and she "is not entitled to damages from delayed

13   payments made to a third-party." Dkt. No. 83 at 3–4 (emphasis in original) (citing *Perez-*

14   *Crisantos v. State Farm Fire and Cas. Co.*, 187 Wn.2d 669, 684, 389 P.3d 476 (2017) (citing

15   *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 322 P.3d 6, 20 (2014))); *see also Dees v.*

16   *Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1312–13 (W.D. Wash. 2013) ("By the plain language of

17   the statute '[a]ny first-party insured who is unreasonably denied a claim for coverage or payment

18   of benefits, can sue to recover the actual damages sustained . . . .'" (quoting *Tavakoli v.Allstate*

19   *Prop. and Casualty Ins. Co.*, No. C11-1587, 2012 WL 6677766, at *9 (W.D. Wash. Dec. 21,

20   2012) (internal quotations omitted))). Plaintiff admittedly did not incur any actual damages for

21   storage fees at Haury's. Dkt. No. 81 at 23 (citing Dkt. No. 1-1 ¶¶ 5.94, 5.96). Thus, whether any

22   issue of material fact exists as to whether Defendant made delayed payments to Haury's is

23   irrelevant to Plaintiff's IFCA claim.

24

Accordingly, the Court GRANTS Defendant's Motion for Reconsideration and MODIFIES its prior Order on Cross-Motions for Summary Judgment as follows:

The Court FINDS that Plaintiff's IFCA claim as to the Haury's vehicle storage fees fails. Plaintiff's IFCA claim survives summary judgment only as to Defendant's allegedly delayed payment of the final total loss payment to Plaintiff; thus, Defendant's summary judgment motion (Dkt. No. 75) remains DENIED as to the IFCA claim.

Dated this 17th day of September 2024.

Tana Lin
United States District Judge